UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21636-BLOOM/Otazo-Reyes

FEDERAL REPUBLIC OF NIGERIA
ACTING BY AND THROUGH
OLADAPO OLAJIDE,

    Plaintiff,

v.

TERRI MOCKLER, MATEZSA
CHEATHAM, KATIE BIEKER,
SUPERIOR COURT OF CONTRA
COSTA COUNTY,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S SECOND EMERGENCY MOTION
## FOR IMMEDIATE HEARING TO OBTAIN PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiff Federal Republic of Nigeria (acting by and through Oladapo Olajide)'s Second Emergency Motion for Immediate Hearing to Obtain Preliminary Injunction, ECF No. [8] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

This matter stems from a lawsuit Plaintiff initiated against Terri Mockler, Matezsa Cheatham, Katie Bieker, and the Superior Court of Contra Costa County. ECF No. [1]. In the Complaint, Plaintiff asserts the following causes of action: due process, violation of the right to be afforded equal protection under the 14th Amendment of the United States Constitution, 42 U.S.C. § 1983, kidnap, and simple debt. *See generally id.* Plaintiff alleges that Cheatham agreed to pay

the clerk of the Superior Court of Contra Costa County for the clerk to print Plaintiff's name on state law forms to commence a proceeding against him under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). *Id.* ¶ 10. He alleges that Cheatham commenced the proceeding for the purpose of requesting a UCCJEA judgment to prevent Plaintiff from traveling with his child in and out of Nigeria. *Id.* According to the Complaint, Cheatham accused Plaintiff of abducting his child. *Id.* at ¶ 11. Plaintiff contends that the UCCJEA judgment and orders awarded legal and physical custody of his child to Cheatham which, in turn, prevented him from "his right of liberty to rear and travel with his child to and from their home country of Nigeria free from Cheatham's unreasonable seizure; because Plaintiff fears he will be subjected to criminal penalties if he did, based on threats appearing on the face of the UCCJEA judgment." *Id.* at ¶ 15. Plaintiff did not include a copy of the UCCJEA judgment with the Complaint, nor did he provide the case number for the proceeding.

On May 26, 2022, Plaintiff filed an Emergency Motion for Immediate Hearing to Obtain Preliminary Injunction, which the Court denied for failure to comply with the emergency filing procedures set forth by Local Rule 7.1(d)(1). ECF No. [4]. On May 31, 2022, Plaintiff filed the Instant Motion requesting that the Court issue a preliminary injunction against Defendants no later than June 1, 2022. ECF No. [8] at 2. Plaintiff specifically requests a ruling before June 1, 2022, because he is scheduled to take a flight to Arizona on June 2, 2022 and plans to return to Miami with his child on June 3, 2022. *Id.* Plaintiff alleges that without the ruling he will unjustly suffer irreparable harm to his life and liberty because state law enforcement officers have authority under the UCCJEA judgment to physically confine, cause serious bodily harm, kill, and publicly charge

Plaintiff with crimes, including abduction, when he travels on June 2, 2022. *Id.* Defendants have not yet appeared or filed a Response.[1]

## II.   LEGAL STANDARD

### A. Standing

Standing is a threshold question of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Sims v. Fla. Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1458 (11th Cir. 1989) (en banc). "[S]tanding requirements 'are not mere pleading requirements but rather [are] an indispensable part of the plaintiff's case.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "To establish standing, a plaintiff must have 'suffered an injury-in-fact that would be corrected by [a] favorable decision in the lawsuit.'" *Church*, 30 F.3d at 1335 (quoting *Cheffer v. McGregor*, 6 F.3d 705, 708 (11th Cir. 1993)).

> [A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision."

*Valley Forge Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982) (quoting *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99 (1979)).

### B. Preliminary Injunction

"A preliminary injunction may be issued to protect the plaintiff from irreparable injury and to preserve the district court's power to render a meaningful decision after a trial on the merits."

---

[1] Defendants have not appeared in this action. Plaintiff filed a Proof of Service noting that he served a copy of the Complaint and Notice of Constitutional Challenge (ECF No. [1]), Motion, and Order Requiring Scheduling Report and Certificates of Interested Parties (ECF No. [7]) to Defendants Terri Mockler (via U.S. Mail), Matezsa Cheatham (via email and U.S. Mail), Katie Bierker (via email and U.S. Mail), and Superior Court of Contra Costa County (via U.S. mail) (collectively "Defendants").[1] *See* ECF No. [9].

*Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974);[2] *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("*NE Fla. CAGC of Am.*") ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974))). District courts ultimately have discretion on whether or not to grant a preliminary injunction. *Callaway*, 489 F.2d at 572. However, "a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Id.* at 573. Accordingly, a movant must prove four factors in order to establish that a preliminary injunction is appropriate: (1) a substantial likelihood of success on the merits, (2) that the preliminary injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant; and (4) that the preliminary injunction would not be averse to the public interest. *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001)).

Because preliminary injunctions are drastic, often time-sensitive remedies, they are "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (citation omitted). As such, "all of the well-pleaded allegations [in a movant's] complaint and uncontroverted affidavits filed in support of the motion for a preliminary injunction are taken as true." *Elrod v. Burns*, 427 U.S. 347, 350 n.1 (1976).

---

[2] The Court of Appeals for the Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted all decisions of the Court of Appeals for the Fifth Circuit that were rendered prior to September 30, 1981.

### III.   DISCUSSION

####   A. Standing

As an initial matter, the Court addresses Plaintiff's standing. "A threshold question in every federal case is whether the plaintiff has made out a justiciable case or controversy within the meaning of article III." *NE Fla. CAGC of Am.*, 896 F.2d 1283, 1287 n.1 (Tjoflat, C.J., specially concurring) (quoting *Church of Scientology Flag Serv. Org. v. City of Clearwater*, 777 F.2d 598, 606 (11th Cir. 1985)). As explained above, to establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Moreover, "[s]tanding cannot be waived or conceded by the parties." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019).

The United States Supreme Court has defined "injury in fact" as "an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

> When, as here, plaintiffs file a pre-enforcement, constitutional challenge to a state statute, the injury requirement may be satisfied by establishing "'a realistic danger of sustaining direct injury as a result of the statute's operation or enforcement.'" *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1245 (11th Cir. 1998) (quoting *Am. Civil Liberties Union v. The Fla. Bar (ACLU)*, 999 F.2d 1486, 1492 (11th Cir. 1993)). A plaintiff may meet this standard in any of three ways: "(1) [the plaintiff] was threatened with application of the statute; (2) application is likely; or (3) there is a credible threat of application." *Id.* (citing *ACLU*, 999 F.2d at 1492).

*Ga. Latino All. for Human Rights v. Governor of Ga.*, 691 F.3d 1250, 1257-58 (11th Cir. 2012) ("*GLAHR*"). Additionally, there must be a causal connection between a plaintiff's injury and a defendant's alleged illegal conduct. *Id.* at 1257. "Finally, it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Bennett*, 520 U.S. at 167).

5

Here, the Court finds that Plaintiff does not have standing to seek a preliminary injunction because he has not established that he has suffered a redressable injury. Plaintiff's Motion requests that the Court issue an injunction to *prevent* state law enforcement officers from confining him, causing serious bodily harm, killing, publicly charging him with "abduction" (pursuant to the UCCJEA judgment) in anticipation of his flight to Arizona on June 2, 2022. ECF No. [8] at 2. Plaintiff has not alleged that there has been any enforcement of the UCCJEA judgment to date.

As such, Plaintiff's Motion is a pre-enforcement constitutional challenge to UCCJEA judgment. Yet, Plaintiff has not met the standard for pre-enforcement constitutional challenges of a state statute. Plaintiff baldly asserts that he will be confined, caused serious bodily harm, killed, or publicly charged him with "abduction" upon travel as a result of the UCCJEA judgment, without any support. Plaintiff failed to provide the Court with a case number for the underlying UCCJEA proceeding or a copy of the UCCJEA judgment from which the Court can discern its applicability. As such, this Court finds that Plaintiff does not have standing to seek a preliminary injunction because he has not established that was threatened with application of the statute, that application is likely, or there is a credible threat of application. *See Valley Forge Christian Coll.*, 454 U.S. at 472. Accordingly, the Motion is denied because Plaintiff has not "made out a justiciable . . . controversy within the meaning of article III." *NE Fla. CAGC of Am.*, 896 F.2d at 1287 n.1.

**IV.  CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [8]**, is **DENIED**.

6

Case No. 22-cv-21636-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 1, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record