UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21636-BLOOM/Otazo-Reyes

FEDERAL REPUBLIC OF NIGERIA
ACTING BY AND THROUGH
OLADAPO OLAJIDE,

    Plaintiff,

v.

TERRI MOCKLER, MATEZSA
CHEATHAM, KATIE BIEKER,
SUPERIOR COURT OF CONTRA
COSTA COUNTY,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. The Court has carefully reviewed the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the case is dismissed pursuant to the domestic relations exception and the *Rooker-Feldman* abstention doctrine.

**I.    BACKGROUND**

This matter stems from a lawsuit Plaintiff Federal Republic of Nigeria (acting by and through Oladapo Olajide aka Ronald Olajide) ("Plaintiff") initiated against Defendants Terri Mockler ("Mockler"), Matezsa Cheatham ("Cheatham"), Katie Bieker ("Bieker"), and the Superior Court of Contra Costa County (collectively, "Defendants"). ECF No. [1] ("Initial Complaint"). In the Initial Complaint, Plaintiff asserts the following causes of action: due process, violation of the right to be afforded equal protection under the 14th Amendment of the United

States Constitution, 42 U.S.C. § 1983, kidnap, and simple debt. *See generally id.* Plaintiff alleges that Cheatham agreed to pay the clerk of the Superior Court of Contra Costa County for the clerk to print Plaintiff's name on state law forms to commence a proceeding against him under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). *Id.* ¶ 10. Plaintiff alleges that Cheatham commenced the California State Court proceeding for the purpose of preventing Plaintiff from traveling with his child in and out of Nigeria. *Id.* According to the Initial Complaint, Cheatham accused Plaintiff of abducting his child. *Id.* at ¶ 11. Plaintiff contends that the UCCJEA Judgment and Orders awarded legal and physical custody of his child to Cheatham which, in turn, prevented him from "his right of liberty to rear and travel with his child to and from their home country of Nigeria free from Cheatham's unreasonable seizure; because Plaintiff fears he will be subjected to criminal penalties if he did, based on threats appearing on the face of the UCCJEA judgment." *Id.* at ¶ 15. Notably, Plaintiff did not include a copy of the California State Court Judgment and Orders with the Initial Complaint, nor did he provide the case number for the proceeding.

On May 26, 2022, Plaintiff filed his first Emergency Motion for Immediate Hearing to Obtain Preliminary Injunction, which the Court denied for failure to comply with the emergency filing procedures set forth by Local Rule 7.1(d)(1). ECF No. [4] ("First Motion"). On May 31, 2022, Plaintiff filed his second Emergency Motion for Immediate Hearing to Obtain Preliminary Injunction. ECF No. [8] ("Second Motion"). The Court denied the Second Motion after noting that "Plaintiff failed to provide the Court with a case number for the underlying UCCJEA proceeding or a copy of the UCCJEA judgment from which the Court can discern its applicability." ECF No. [12] at 6. The Court further stated that "Plaintiff does not have standing to seek a preliminary

injunction because he has not established that was threatened with application of the statute, that application is likely, or there is a credible threat of application." *Id.* at 6.

Plaintiff thereafter filed an Amended Complaint, ECF No. [13] ("Amended Complaint"). The Amended Complaint alleges the same causes of action against the same Defendants. *See generally id.* However, unlike his Initial Complaint, the Amended Complaint specifies a case number from California State Court, No. D18-02834, and includes copies of the Request for Child Abduction Prevention Orders, Judgment, and Orders. *See* ECF No. [13-1] at 1-2 ("Request"), 3-4 ("Judgment"), 5-8 ("Orders"); *see also* ECF No. [13] ¶ 15. Because Plaintiff has now identified the case number in the related California State Court proceeding and has attached the Judgment and Orders, the Court proceeds to address whether the Court can exercise jurisdiction.

## II. LEGAL STANDARD

Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties. *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). That is so because subject-matter jurisdiction underlies a court's power to hear a case. *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including "a short and plain statement of the grounds upon which the court's jurisdiction depends." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); Fed. R. Civ. P. 8(a). But even when the parties disclaim or fail to present requirements that go to the existence of subject-matter jurisdiction, courts must *sua sponte* consider such issues. *Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012). The facts and substance of the claims

alleged, not the jurisdictional labels attached, ultimately determine whether a court can hear a claim. *See Taylor*, 30 F.3d at 1367 (plaintiff must allege facts demonstrating jurisdiction).

### III. DISCUSSION

#### A. Domestic Relations Exception

To the extent that Plaintiff seeks to have this Court intervene in the California State Court's custody determination of his minor child, this Court is precluded from exercising jurisdiction due to the "domestic relations exception." *Barnes v. Dep't Child. Fams.*, No. 19-CV-60621-BLOOM/VALLE, 2019 WL 8888211, at *2 (S.D. Fla. Mar. 12, 2019). As the Supreme Court has emphasized, "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (alteration omitted), *abrogated on other grounds*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014); *see also United States v. Windsor*, 133 S. Ct. 2675, 2691 (2013) ("Federal courts will not hear divorce and custody cases even if they arise in diversity because of 'the virtually exclusive primacy . . . of the States in the regulation of domestic relations.'" (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 714 (1992))). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986), *aff'd*, 484 U.S. 174 (1988); *see also Guevara v. Padin*, 2016 WL 7188783, at *3 (S.D. Fla. Nov. 9, 2016) ("Many courts willingly apply the domestic relations exception to federal questions and constitutional issues involving intra-family disputes and decline jurisdiction over federal questions which would deeply involve them in adjudicating domestic affairs.") (quoting *Ingram v. Hayes*, 866 F.2d 368, 371 (11th Cir. 1988) (internal quotation marks and citations omitted)).

Based on a review of Plaintiff's Amended Complaint and attached exhibits, it is apparent that Plaintiff's claims would require the Court to review or interfere with the underlying state proceedings pertaining to the custody and care of a child—a matter traditionally within the domain of state courts. *See, e.g.*, *Barnes*, 2019 WL 8888211, at *1-2 (applying the domestic relations exception and declining jurisdiction over the plaintiff's case seeking to recover plaintiff's parental rights after a state court awarded her parental rights to a third party); *Guevara*, 2016 WL 7188783, at *3 (applying the domestic relations exception and declining jurisdiction over the plaintiff's civil rights and due process claims under 42 U.S.C. § 1983 arising from a state court judgment for child support); *Angelet v. Ruiz*, 2016 WL 2977271, at *2 (E.D.N.Y. May 20, 2016) (applying the domestic relations exception and finding lack of subject matter jurisdiction over a § 1983 action relating to child custody by a father against his ex-wife and various state court judges and officials); *Bodda v. State of Idaho Child Protective Servs.*, 2016 WL 3647841 (D. Idaho July 1, 2016) (holding that the court lacked subject matter jurisdiction over claims involving parental rights where the plaintiff had alleged wrongful deprivation of custody of her child). As such, Plaintiff's claims, in light of the Amended Complaint and attached exhibits, must be dismissed for lack of subject matter jurisdiction.

### B. *Rooker-Feldman* Doctrine

Though the Court need not continue its analysis, the Court notes that Plaintiff's case also warrants dismissal under the *Rooker-Feldman* doctrine.

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The Supreme Court has narrowed the confines of the doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1273 (11th Cir. 2009) (quoting *Exxon Mobil Corporation v. Saudi Basic Industries Corporation,* 544 U.S. 280, 284 (2005)). The doctrine bars federal court jurisdiction where the following factors exists:

> (1) the [plaintiff] in federal court is the same as the party in state court, *see Roe v. Alabama,* 43 F.3d 574, 580 (11th Cir. 1995); (2) the prior state court ruling was a final or conclusive judgment on the merits, *see David Vincent, Inc. v. Broward County,* 200 F.3d 1325, 1332 (11th Cir. 2000); (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding, *see Dale v. Moore,* 121 F.3d 624, 626 (11th Cir. 1997) (per curiam); and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment, *see Goodman ex rel. Goodman v. Sipos,* 259 F.3d 13 27, 1332 (11th Cir. 2001).

*Id.* at 1272. A claim is inextricably intertwined if it would "effectively nullify" the state court judgment or it "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting *Goodman*, 259 F.3d at 1332). "Finding a claim to be barred by *Rooker-Feldman* requires that it amount to a direct attack on the underlying state court decision." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1288 (11th Cir. 2018).

First, the Amended Complaint and attached exhibits establish that Plaintiff was a party in the state court proceeding. *See* ECF No. [13-1] at 3. Plaintiff styles himself as the "Federal Republic of Nigeria acting by and through Oladapo Olajide aka *Ronald Olajide*[,]" ECF No. [13] at 1 (emphasis added), and the Judgment lists "Ronald Olajide" as the respondent, ECF No. [13-1] at 3. Second, the Judgment was a final or conclusive judgment in that it granted legal and physical custody to petitioner Cheatham. *See* ECF No. [13-1] at 3, 5-6. Third, Plaintiff had a

reasonable opportunity to raise his federal claims in the state court proceeding. As the Supreme Court has held, "[a] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary," and Plaintiff points to no authority to rebut this presumption. *31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

Fourth, the issues before this Court are inextricably intertwined with the California State Court's Judgment. The Amended Complaint specifically requests that the Court enter a declaratory judgment that the UCCJEA is unconstitutional, issue a preliminary and permanent injunction enjoining Defendants from enforcing the UCCJEA, require a payment of "15 billion naira" from Defendants, issue a warrant for Plaintiff's child, and find probable cause that Cheatham, Bieker, and Mockler committed public offenses in violation of federal law. *See* ECF No. [13] ¶ 54-58. The relief that Plaintiff requests would "effectively nullify" the state court judgment by rendering moot the Judgment and Orders granting custody rights to Cheatham. *Casale*, 558 F.3d at 1260 (quoting *Goodman*, 259 F.3d at 1332).

In sum, the four prongs of *Rooker-Feldman* are satisfied, and the Court must refrain from exercising jurisdiction over this case.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The above-styled case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction**.**

2. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 7, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record